WILLIAMS, appellant, *v.* JEFFERSON COUNTY, respondent.

STATUTORY CONSTRUCTION — *repeal by implication.* The act of the legislative assembly, approved January 10, 1865, which fixed the fees to be paid to district attorneys, was repealed by implication by the act, approved February 9, 1865, which established different fees for the same services.

SAME — *fee of district attorney.* The act, approved February 9, 1865, allowed the district attorney a fee " for drawing each indictment　＊　＊　＊　provided that no fee shall be allowed for drawing any indictment that may be quashed." *Held,* that district attorneys are not entitled to fees for drawing indictments, which have been quashed for any cause. *Held,* also, that district attorneys are entitled to the fee for drawing an indictment, which has been returned by the grand jury and duly indorsed, " not a true bill."

SAME — *docket fee of district attorney.* The act, approved February 9, 1865, allowed the district attorney fees for " convictions of misdemeanors," " convictions for felony," " convictions in capital cases," and " docket fees in all cases not above specified, where county attorney is required to prosecute or defend in district courts." *Held,* that district attorneys are not entitled to docket fees in criminal cases.

### Appeal from First District, Jefferson County.

THE judgment was rendered by SERVIS, J.

E. W. TOOLE and W. F. SANDERS, for appellant.

Appellant is entitled to fees for drawing indictments, which were dismissed by the court on account of facts and the trial thereof, and not for any defect in the indictments. No statutory grounds existed for quashing the indictments, nor were they, in fact, quashed. The statute intends that district attorneys shall be entitled to fees for drawing indictments which are not quashed through any fault of the party drawing them. The district attorney is required to present every case in which an indictment is found. It goes upon the docket, and the law gives him a docket fee therefor. If an indictment is drawn by district attorney in cases presented to grand jury, he is entitled to the fee, if the foreman certifies thereto. Acts, 1865, 476 ; 352, § 3 ; Crim. Pr. Act, 1865, §§ 72, 88, 136, 183.

G. G. SYMES and PAGE & COLEMAN, for respondent.

Appellant is entitled to no fees for drawing indictments which

are quashed. The statute makes no exception. The district attorney should see that a lawful grand jury is drawn. Cod. Sts., 379, § 4.

The docket fee refers to cases which are tried, and not to those which are merely written on the calendar for the purpose of quashing indictments. There is a difference between a docket fee and a calendar fee. Bouv. L. D. 441; Civ. Pr. Act, § 192; Webster's Dict., "Calendar" and "Docket;" Bright. Dig. 273.

The county commissioners examined the appellant's bill, and exercise judicial power in passing thereon. An appeal is allowed therefrom, and the certificate of the presiding judge and district attorney cannot control that discretion. Crim. Pr. Act, 410; *People* v. *Supervisors N. Y.,* 1 Hill; 364; *People* v. *Supervisors Fulton,* 14 Barb. 52.

SERVIS, J. This is a proceeding instituted by the appellant, the district attorney of Jefferson county, to obtain compensation under the statute for services performed by him at the term of the district court held in that county in May, 1872. The appellant's itemized account amounts to $1,280, and was duly presented to the board of county commissioners of the county, for allowance and payment, and rejected, and payment refused. An appeal was taken by the district attorney to the district court, and said account was disallowed, and judgment was entered in favor of the commissioners. From this action, the district attorney appealed to this court.

From an inspection of this account, it appears that the appellant claimed $180 for "docket fees" of cases remaining upon the court calendar at the time he succeeded to his office; that $260 were for drawing indictments that were afterward quashed, and never brought to trial; that $520 were for docket fees arising from the placing upon the court calendar of the indictments so quashed; and that the remainder of the $1,280, to wit, $270, was for services for drawing indictments that were returned by the grand jury, indorsed "not a true bill."

By referring to the laws of the Territory, we find that, in 1865, an act was passed, creating the office of district attorney, and prescribing the duties, and fixing the salary to be paid by the Terri-

tory, and certain fees to be paid by the county. Another act was passed subsequently at the same session of the legislature, relating to the fees of officers in general, whereby the former law, fixing the fees of the district attorney, other than his salary, was repealed by implication. A new fee bill for this officer was enacted, providing, that for drawing indictments he shall be entitled from the county to a fee of $10 in each case, "provided, that no fee shall be allowed for drawing any indictment that may be quashed." It also provided the following fees for said attorney: "Docket fees in all cases not above specified, where county attorney is required to prosecute or defend in district courts, $20." Sts. 1865, 352, 476.

These enactments provided specifically for the fees for district attorneys in various criminal matters, among which are those for drawing indictments, convictions for felony, misdemeanors, etc. Then follows the above clause relating to docket fees.

It then follows that, in the cases specified in the act, no docket fees shall be allowed. What are the cases for which docket fees are claimed by appellant? They are indictment cases, criminal cases, for which the legislature has said in plain terms, no docket fee shall be allowed. What was the object of the legislature in making provision for docket fees? The answer might be, that many other duties are by law enjoined upon the district attorney, whereby he is required to prosecute and defend for the people, and is well entitled to such a fee. But, in this case, no such fee can be allowed, and the judgment of the court below, relating to the docket fees, was correct.

It is claimed by the appellant that, although he has charged fees for drawing indictments which were quashed by the court, they were quashed without any fault on his part. It appears that he exercised due caution, care and diligence in the performance of his duty, and made due inquiries as to the qualifications of the grand jurors, by whom said indictments were found. After the indictments were found, it turned out that one of the grand jurors had not taken out his final papers of naturalization, and was thereby disqualified to serve as such, and for this reason the indictments were quashed.

Upon this subject, we think the statute is explicit, and unquali-

fied, and admits of no doubt; and that, in no case where an indictment is quashed by the court, no matter for what cause, the district attorney is not entitled to a fee for drawing such indictment. The legislature has said that in no case, where an indictment is quashed, shall there be any fee allowed for drawing the same.

The appellant claims $270 for drawing indictments, which were returned and indorsed by the grand jury, "not a true bill." We are of the opinion that the drawing of these indictments was a duty then by law required of the district attorney, and for which he was and is now entitled to the fee then prescribed by law therefor, amounting to $270. The board of county commissioners and the court below erred in refusing to allow the same. The judgment is hereby modified accordingly, and the cause is remanded to carry the same into execution.

*Judgment modified.*